UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEGRIA REAL ESTATE FUND LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PORFIRIO AGUELLES,<br><br>Defendants. | CASE NO. 12cv1815 - IEG (RBB)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On July 23, 2012, Defendant Porfirio Aguelles removed an unlawful detainer action from state superior court to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a). [Doc. No. 1, Notice of Removal.] For the reasons below, the Court **REMANDS** the action back to state court for lack of subject matter jurisdiction.

### DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). If there is any

doubt as to the propriety of removal, federal jurisdiction must be rejected. Id. at 567. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. See 28 U.S.C. § 1447(c); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991).

Defendant's notice of removal alleges that this court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331. [Notice of Removal ¶¶ 7-10.] Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Therefore, there is no federal question jurisdiction simply because there is a federal defense to a claim. Id.

A review of the complaint shows that Plaintiff is only bringing a cause of action against the Defendants for unlawful detainer pursuant to California Code of Civil Procedure § 1161a. [Doc. No. 1, Compl.] This is a purely state law cause of action, and the Court does not have federal question jurisdiction over the matter based on this claim. See Southland Homes Real Estate & Inv., LLC v. Lam, 2011 U.S. Dist. LEXIS 25472, at *3 (C.D. Cal. Feb. 25, 2011); Galileo Fin. v. Park, 2009 U.S. Dist. LEXIS 94996, at *1-2 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). In the notice of removal, Defendant asserts that federal question exists based on the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220, which he has asserted as a defense to Plaintiff's action. [Doc. No. 1, Notice of Removal ¶ 8-9.] However, the face of the complaint shows that Plaintiff is not bringing a cause of action under the PTFA and is only bringing a cause of action for unlawful detainer. [See Doc No. 1, Compl.] Based on the allegations in the notice of removal, Defendant at most can raise the PTFA as a defense to Plaintiff's unlawful detainer action. However, a federal defense by itself is insufficient to establish federal question jurisdiction. See Caterpillar, 482 U.S. at 392; Fannie Mae v. Brooks, 2012 U.S. Dist. LEXIS 30627, at *9-10 (C.D. Cal. Mar. 7, 2012) (rejecting defendant's contention that a defense under the PTFA is sufficient to

establish federal question jurisdiction and remanding the action for lack of jurisdiction).

In addition, the face of the complaint clearly shows that this Court also does not possess diversity jurisdiction over the matter. For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. See 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806). "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

The complaint states that Plaintiff is seeking under $10,000 in damages, [Doc. No. 1, Compl.], but Defendant has made no attempt in his notice of removal to prove with a legal certainty that the amount in controversy is over $75,000. Therefore, Defendant has not met his burden of establishing that this Court has diversity jurisdiction, see Guglielmino, 506 F.3d at 699, and diversity jurisdiction is lacking. See, e.g., Southland Homes, 2011 U.S. Dist. LEXIS 25472, at *3 (remanding unlawful detainer action where plaintiff's complaint stated that the damages sought were less than $10,000). Accordingly, the Court lacks subject matter jurisdiction over this action.

## CONCLUSION

For the reasons above, the Court **REMANDS** the action back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** July 25, 2012

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
United States District Juge